z

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DALE STEWART, Plaintiff | CIVIL DOCKET NO. 1:20-CV-00461 P |
| VERSUS | JUDGE DRELL |
| VALENTINE, *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss, or in the alternative, Motion for Summary Judgment (ECF No. 28) filed by Defendants Officer Michael Valentine ("Valentine"), Acting Warden Christopher McConnel ("McConnel"), and food service administrator Chad Bennet ("Bennet") (collectively, "Defendants"). Defendants assert that this Court lacks jurisdiction because Plaintiff Dale Stewart (#48457054) ("Stewart") failed to exhaust all administrative remedies available to him before filing this action (ECF No. 1). ECF No. 28-1 at 14. For the same reason, Defendants claim that summary judgment should be granted in their favor. *Id.* at 29-32.

Because Stewart failed to exhaust all administrative remedies available to him, Defendant's Motion for Summary Judgment should be GRANTED.

I. **Background**

Stewart is currently incarcerated at that the Federal Correctional Institution in Thomson, Illinois. ECF No. 1 at 2. The alleged occurrences took place between September 2019 and December 2019 while Stewart was housed at the United States Penitentiary ("USP") at Pollock, Louisiana ("USP Pollock"). ECF No. 1-2 at 1.

1

Stewart filed a *pro se* civil rights Complaint pursuant to *Bivens v. Six Unknown Agents of the Federal Bureaus of Narcotics* alleging that Defendants violated his constitutional rights. 403 U.S. 388 (1971); ECF Nos. 1 at 3-6; 19-1 at 11.

Stewart practices Rastafarianism, which mandates primarily vegan eating. ECF No. 1 at 4. As such, he requested "[no-flesh] religious dietary meal[s]." *Id.* at 3. Stewart alleges that Defendants deprived him of a no-flesh meal every time there was a lockdown at USP Pollock. *Id.* Stewart also asserts that his lunch tray included meat on three specific occasions: December 3, 2019; December 21, 2019; and December 22, 2019. ECF No. 1-3 at 3, 5. Stewart wrote multiple letters to Warden McConnel alleging that his constitutional right to religious freedom was violated every time his meal tray included meat. *Id.* at 2. Stewart complains that he lost twenty-six pounds because Defendants denied him a "healthy and nutritious meal." ECF No. 1 at 3.

Stewart requests compensatory damages for mental anguish and an injunction preventing Defendants from "putting animal flesh in [his] religious dietary meal." ECF No. 1 at 4. Defendants now seek dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). ECF No. 28. Alternatively, Defendants seek summary judgment under Fed. R. Civ. P. 56. *Id.* Stewart opposes. ECF No. 36.

II. **Law and Analysis**

   A. **Standard governing a Rule 12(b)(1) Motion to Dismiss.**

   Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a district court to dismiss a claim over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Federal district courts have jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." *Dos Santos v. Belmere Ltd. P'ship*, 516 Fed.Appx. 401, 402 (5th Cir. 2013) (citing 28 U.S.C. § 1331). Federal courts also have original jurisdiction over disputes between diverse citizens which exceed the sum or value of $75,000. *Dos Santos*, 516 Fed.Appx. at 402 (citing 28 U.S.C. § 1332(a)).

   Lack of subject matter jurisdiction may be found in: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Barrera–Montenegro v. U.S.*, 74 F.3d 657, 659 (5th Cir. 1996)). The burden of proof for a 12(b)(1) motion is on the party asserting jurisdiction. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011) (citing *Ramming*, 281 F.3d at 161).

   Defendants argue that this Court lacks jurisdiction because Stewart failed to exhaust all administrative remedies available to him. ECF No. 28-1 at 14. Specifically, Defendants assert that Stewart did not comply with the exhaustion requirement of the Prison Litigation Reform Act ("PLRA"). *See id.*; 42 U.S.C. § 1997e(a). Under the PLRA, an inmate may not bring suit contesting prison conditions

or occurrences without first exhausting available administrative remedies. *E.g.*, *Wallace v. U.S.*, No. 18-cv-0018, 2018 WL 3624242, at *1 (W.D. La. June 26, 2018); *see* § 1997e(a).

However, "failure to exhaust under the PLRA is not a jurisdictional defect;" rather, it is treated as an affirmative defense. *Wallace*, 2018 WL 3624242, at *2 (citing *Burns v. East Baton Rouge Parish Prison*, 2015 WL 2163946, at *3–*4 (M.D. La. May 7, 2015); and *Jones v. Bock*, 127 S. Ct. 910, 918–19 (2007)). This Motion (ECF No. 28) is not properly brought under Rule 12(b)(1). *See Wallace*, 2018 WL 3624242, at *2. Nor is this Motion properly brought under Rule 12(b)(6) because Defendants rely on evidence outside Stewart's Complaint (ECF No. 1). *See id.*; Fed. R. Civ. P. 12(b)(6). Thus, their challenge to Stewart's failure to exhaust administrative remedies must be asserted through a motion for summary judgment. *See id.*; *Dillon v. Rogers*, 586 F.3d 260, 270-71 (5th Cir. 2010); *see also* Fed. R. Civ. P. 12(d).

B. <u>Standard governing a Motion for Summary Judgment.</u>

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment may be granted if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) ; *E.g.*, *A.A. v. Northside Independent School District*, 951 F.3d 678, 684 (5th Cir. 2020). The "mere existence of *some* alleged factual dispute" is not sufficient to defeat an otherwise proper motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247. (1986). Summary judgment does not lie if the evidence is such that a reasonable

jury could find for the nonmoving party. *Id.* at 428. Accordingly, inferences drawn from the record must be viewed in the light most favorable to the non-movant. *A.A.*, 951 F.3d at 684.

### C. Stewart's claims should be dismissed.

Stewart filed a *pro se* prisoner civil rights complaint under *Bivens*. ECF No. 1; 403 U.S. 388. When asked whether he had filed an administrative grievance, Stewart replied that he "wrote multiple complain . . . to the Warden C. McConnel, and nothing was [done] about the situation." *Id.* at 2. Stewart attached copies of letters he wrote to McConnel complaining about the inclusion of meat and asking McConnel to ensure Stewart's no-flesh religious diet. ECF No. 1-3 at 1-5.

The PLRA demands exhaustion as a prerequisite before bringing suit. *See* § 1997e(a). The Fifth Circuit has routinely held that "mere compliance" with administrative remedy procedures is insufficient. *See Wallace v. U.S.*, No. 2:18-cv-0018, 2019 WL 1496020, at *2 (W.D. La. Feb. 28, 2019); *Dillon v. Rogers*, 596 F.3d 260, 268 (5th Cir. 2010); *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).

"[P]roper" exhaustion is necessary. *E.g.*, *Dillon*, 596 F.3d at 268. It "demands compliance with an agency's deadlines and other critical rules." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). The BOP has instituted a detailed three-tier grievance process that begins with informal written complaints to the Warden, then requires a formal written "Administrative Remedy Request." *See generally* Administrative Remedy Program, 28 C.F.R. §§ 542.10-542.14 (2002) ("ARP").

Stewart's letters to McConnel may constitute the ARP's informal first step. *See* ECF No. 1-3 at 2-5. However, Stewart did not file an Administrative Remedy Request regarding the inclusion of meat to his no-flesh meals. *See* ECF Nos. 28-1 at 31; 28-10 at 2. Because Stewart failed to follow the guidelines and procedures of BOP's ARP, the statutory requirements of the PLRA bar him from bringing a federal suit against Defendants. *See* ARP; § 1997e(a).

Exhaustion is required regardless of the relief sought nor the violation alleged. See *Booth v. Churner*, 532 U.S. 731, 741 (2001); *Wright*, 260 F.3d at 358. The Fifth Circuit has taken a "strict" approach to mandatory exhaustion. See *Dillon*, 596 F.3d at 268. It has consistently affirmed dismissal of claims for monetary damages and injunctive relief for failure to exhaust administrative remedies. *See Gordon v. Pettiford*, 271 Fed.Appx. 464 (5th Cir. 2008); *Lott v. Edenfield*, 542 Fed.Appx. 311, 314-16 (5th Cir. 2013); *Linebury v. U.S.*, 436 Fed.Appx. 293, 294-97 (5th Cir. 2010). Therefore, Stewart's claims for monetary damages and injunctive relief should both be dismissed under the PLRA.

### III. Conclusion

Because Stewart failed to exhaust all administrative remedies available to him, IT IS RECOMMENDED that Defendants' Motion to Summary Judgment (ECF No. 28) be GRANTED, and that Stewart's action be DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof,

unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed. R. Civ. P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

SIGNED on Thursday, June 24, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE